UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:21-cv-06593-MCS-JPR** | Date | November 22, 2021 |
| Title | *Brian Kang et al. v. Hybrid Trade Ltd. et al.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANTS (ECF NO. 19)**

Plaintiffs apply ex parte for an order extending time to serve the summons and complaint on Defendants Hybrid Trade Limited, Asia Digital Asset Exchange, Allysian Sciences, Eugenio Pugliese, and Henry Liu. (Appl. 3, ECF No. 19.) All but Pugliese are foreign defendants. (*Id.* at 4.)

Ex parte relief is inappropriate here. Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Plaintiffs present no showing of irreparable harm they would face if their request for relief were decided according to regularly noticed motion procedures. Nonetheless, in the interest of judicial economy, the Court addresses the merits of the application.

Rule 4(m) states that "if the plaintiff shows good cause for the failure" to serve the defendant within 90 days, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). This time limit does not apply to service in a foreign country, *id.*, but the Court may set a reasonable time limit for such service. *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (collecting cases).

Plaintiffs have demonstrated good cause to extend the time to serve Defendant Pugliese. They have made good faith efforts to serve Pugliese since the inception of this lawsuit. (Appl. 6–7.) Regarding the foreign defendants, Plaintiffs need no good cause to extend the time to serve. Plaintiffs have been diligent in prosecuting their case and are currently seeking to serve the foreign parties under the Hague Convention. (*Id.* at 6.) The Court finds Plaintiff's suggested service deadlines are appropriate.

Thus, the Court grants the application. Plaintiffs shall serve Defendant Pugliese within 90 days of this Order and serve Defendants Hybrid Trade Limited, Asia Digital Asset Exchange, Allysian Sciences, and Henry Liu within 180 days of this Order. The Court will not extend these deadlines further absent an extraordinary showing of good cause.

**IT IS SO ORDERED.**