DANIEL J. TYUKODY (SBN 123323)
tyukody@gtlaw.com
ALEX LINHARDT (SBN 303669)
linhardt@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for Defendant
APOLO OHNO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KANG, an individual, on behalf of himself and SKYBLOCK, LLC and MID-WILSHIRE CONSULTING, LLC; PRASAD HURRA, an individual; DAVID KIM, an individual, on behalf of himself and BLUE BLOCK GROUP; ARTEMIO VERDUZO, an individual; DAVID KWON, an individual; and YOUNG JAE KWON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HYBRID TRADE LIMITED, an unknown business entity; ASIA DIGITAL ASSET EXCHANGE, an unknown business entity; ALLYSIAN SCIENCES, an unknown business entity; APOLO OHNO, an individua; ROD JAO, an individual; EUGENIO PUGLIESE, an individual; HENRY LIU, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-06593-MCS (JPR)<br><br>HON. MARK C. SCARSI<br><br>**DEFENDANT APOLO OHNO'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF DANIEL J. TYUKODY**<br><br>*[Filed concurrently with Reply]*<br><br>Date:            January 10, 2022<br>Time:           9:00 a.m.<br>Courtroom: 7C |

Defendant Apolo Ohno respectfully files this response to Plaintiffs' evidentiary objections to the Declaration of Daniel J. Tyukody, which was filed in support of Mr. Ohno's Motion to Dismiss Plaintiffs' Complaint.

Plaintiffs do not address any of the case law supporting judicial notice raised in Mr. Ohno's Request for Judicial Notice ("RJN"). Instead, they assert the same three boilerplate evidentiary objections to every exhibit without any substantive legal discussion: (i) hearsay, (ii) lack of authentication, and (iii) lack of foundation and lack of personal knowledge. The objections are meritless. Regarding authenticity and lack of personal knowledge, Plaintiffs do not raise any issues suggesting the documents attached to the Tyukody Declaration are inauthentic. In fact, Plaintiffs' opposition brief ("Opp.") to Mr. Ohno's Motion to Dismiss makes repeated reference to the CipherBlade Report, citing in support the document attached as Exhibit C to the Tyukody Declaration. *See* Opp. at 6 n.7; 17 n.10; 18 n.13. Plaintiffs also do not raise any issue challenging the authenticity of the Version 1.9.2 and Version 2.0 White Papers, attached as Exhibits A and B to the Tyukody Declaration.

As far as hearsay is concerned, the terms of a contract (or a document said to constitute a prospectus) are not hearsay,[1] and the entirety of these documents are judicially noticeable under the incorporation-by-reference doctrine, which "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *accord Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("the policy concern underlying" the incorporation-by-

---

[1] *See Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1154 (9th Cir. 2000) (insurance contract was "excluded from the definition of hearsay and is admissible evidence because it is a legally operative document that defines the rights and liabilities of the parties in this case"); *Forreststream Holdings, Ltd. v. Shenkman*, 2017 U.S. Dist. LEXIS 43624, at *8-9 (N.D. Cal. Mar. 24, 2017) ("The contract is not hearsay . . . . [A] written statement, which itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights, falls outside the definition of hearsay.").

reference doctrine is "[p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"). Nor was the CipherBlade Report submitted for the truth of its contents. Indeed, Mr. Ohno regards much of the CipherBlade Report as ludicrous. Instead, it was offered to support the argument that Plaintiffs were on notice of their Section 12(b) claims based upon the statements made therein.[2] Thus, Mr. Ohno respectfully requests that the Court overrule Plaintiffs' objections to his RJN.

DATED: December 13, 2021                    GREENBERG TAURIG, LLP


By */s/ Daniel J. Tyukody*
Daniel J. Tyukody
Alex Linhardt

Attorneys for Defendant
APOLO OHNO

---

[2] *See, e.g., Morris v. Smith Micro Software*, 2012 U.S. Dist. LEXIS 208275, at *9 (C.D. Cal. May 21, 2012) (holding that it is appropriate to take judicial notice that documents and their contents exist but not "the truth of their contents"); *Palmer v. MTC Fin. Inc.*, 2017 U.S. Dist. LEXIS 81371, at *4 (E.D. Cal. May 26, 2017) (taking judicial notice of documents but not the truth of the statements contained within them).