UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KANG, an individual, on behalf of himself and SKYBLOCK, LLC and MID-WILSHRE CONSULTING LLC, PRASAD HURRA, DAVID KIM, an individual, on behalf of himself and BLUE BLOCK GROUP, ARTEMIO VERDUZO, DAVID KWON, and YOUNG JAE KWON,<br><br>Plaintiffs,<br><br>v.<br><br>HYBRID TRADE LIMITED, ASIA DIGITAL ASSET EXCHANGE, ALLYSIAN SCIENCES, APOLO OHNO, ROD JAO, EUGENIO PUGLIESE, HENRY LIU, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-06593-MCS-JPR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DIMISS (ECF NO. 23)** |

Defendant Apolo Ohno moves to dismiss Plaintiffs Brian Kang, Prasad Hurra, David Kim, Artemio Verduzo, David Kwon, and Young Jae Kwon's complaint. Mot., ECF No. 23; *see also* Mem., ECF No. 23-1. Plaintiffs opposed, Opp'n, ECF No. 28,

1

and Defendant[1] replied, ECF No. 30. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court grants the motion.

I.  **BACKGROUND**

Plaintiffs filed the complaint on August 13, 2021. Compl., ECF No. 1. The complaint alleges that between approximately January 2018 and June 6, 2018, Defendants sold a form of cryptocurrency[2] and raised approximately $50 million. *Id.* ¶ 1. Defendants allegedly created, offered for sale, and sold the cryptocurrency without registering this offer and sale of securities with the Securities and Exchange Commission ("SEC") and misled investors by delivering on none of the promises made in the offer of sale. *Id.* ¶ 8. Defendants claimed that on August 7–8, 2018, electronic wallets were breached and approximately $4,400,000.00 of cryptocurrency was stolen. *Id.* ¶ 100. Defendants did nothing about this, and after numerous inquiries, Plaintiff Brian Kang hired CipherBlade Ltd. to investigate the breach in September 2018. *Id.* ¶ 102. On March 9, 2019, CipherBlade published a report regarding the breach. *Id.* ¶ 103. The report claimed that Defendants refused to assist and impeded CipherBlade's attempt to investigate the breach, and concluded that Defendants misappropriated approximately $20,000,000 of investor funds. *Id.* ¶¶ 104–06. The report ultimately concluded that Defendants "had 'very little to show' for the approximately $50 million in investor funds raised." *Id.* ¶ 107. On May 9, 2019, Defendants sent investors an email stating that the original platform for the 2018 offering had been acquired by another entity. *Id.* ¶ 113.

/ / /

---

[1] In this Order, "Defendant" refers to Apolo Ohno, and "Defendants" collectively refers to all named defendants.

[2] Cryptocurrency is a decentralized form of currency in which transactions are verified and records are maintained by a decentralized system using cryptography rather than a centralized authority. *See* Compl. ¶¶ 28–34.

2

Plaintiffs bring fifteen causes of action: (i) a claim for failure to register an offering under Sections 5 and 12(a) of the Securities Act of 1933 ("Securities Act") and the Securities and Exchange Act of 1934 ("Exchange Act"), *id.* ¶¶ 117–24; (ii) a claim for offering or selling a security in a materially misleading way under Sections 5 and 12(a)(2) of the Exchange Act, *id.* ¶¶ 125–32; (iii) a claim for control person liability for the first two causes of action under Section 15 of the Securities Act, *id.* ¶¶ 133–37; (iv) a claim for securities fraud under Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and SEC Rule 10b-5, *id.* ¶¶ 138–44; (v) a claim for control person liability for the previous cause of action under Section 20 of the Exchange Act, *id.* ¶¶ 145–48; and (vi) state law claims for intentional misrepresentation, *id.* ¶¶ 149–55, negligent misrepresentation, *id.* ¶¶ 156–62, breach of contract, *id.* ¶¶ 163–68, breach of the implied covenant of good faith and fair dealing, *id.* ¶¶ 169–75, money had and received, *id.* ¶¶ 176–80, promissory fraud, ¶¶ 181–82, unjust enrichment, *id.* ¶¶ 183–87, fraudulent conveyance, *id.* ¶¶ 188–91, unfair competition, *id.* ¶¶ 192–98, and accounting, *id.* ¶¶ 199–202.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the

plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### III. DISCUSSION

Defendant moves to dismiss the federal securities claims on the ground that they are time-barred and are insufficiently pleaded. Opp'n 3–9. Defendant moves to dismiss the state law claims on the ground that they are insufficiently pleaded. *Id.* 16–22. The Court only addresses the arguments necessary to resolve the motion.

#### A. Section 5 and 12(a)(1) Claim (First Cause of Action)

Claims under Section 5 and 12(a)(1) must be brought "within one year after the violation upon which it is based." 15 U.S.C. § 77m. Plaintiffs allege that the unregistered sales occurred between January 2018 and June 6, 2018. Compl. ¶ 1. Plaintiffs filed the complaint more than three years later on August 13, 2021. This is longer than one year after the violation upon which the claim is based.

Plaintiffs argue that the sales were not completed until October 6, 2018 at the latest. Opp'n 8. Plaintiffs also argue that they could not have discovered the claim until the SEC Framework for cryptocurrency stated cryptocurrencies were securities in April 2019. *Id.* Even accepting Plaintiffs' arguments, Plaintiffs still should have brought this claim by April 2020 at the latest. Plaintiffs reference a tolling agreement that exempts claims from May 1 to December 31, 2020, Opp'n 7, but Plaintiffs' claims are untimely even with the benefit of this tolling agreement.

Thus, the Court dismisses this claim as barred by the statute of limitations.

///

### B. Section 5 and 12(a)(2) Claim (Second Cause of Action)

Claims under Section 12(a)(2) must be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77m. "In no event shall any such action be brought . . . more than three years after the sale." *Id.* Plaintiffs discovered the omissions about the status of the securities with the publication of the CipherBlade report on March 9, 2019. Compl. ¶ 103. Plaintiffs filed the complaint more than two years later on August 13, 2021. This is longer than one year after discovery.

Plaintiffs argue that the proper date for discovery of the claims is in April 2019, when the SEC Framework stated cryptocurrency is a security. Opp'n 9. Plaintiffs also argue that they could not discover the misstatements until they consulted with counsel in March 2020. Opp'n 10. Plaintiffs then argue that the tolling agreement from May 1 to December 31, 2020 tolls the limitations period sufficiently to allow for the timely filing of this claim. *Id.*

Ignorance of the law does not delay the time discovery; instead, discovery occurs when a plaintiff learns the facts constituting an injury. *United States v. Kubrick*, 444 U.S. 111, 122 (1979) ("We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the facts of his injury or its cause should receive identical treatment."). Thus, the latest possible date for discovery of these violations is March 9, 2019. The complaint should have been filed by March 9, 2020. The tolling agreement does not help Plaintiffs because it covers time after the deadline for filing this claim.

Thus, the Court dismisses this claim as barred by the statute of limitations.

### C. Securities Fraud Claim (Fourth Cause of Action)

A "private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . may be brought not later than the earlier of—(1) 2 years after the discovery of such facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C.

§ 1658(b). Discovery "as used in this statute encompasses not only those facts the plaintiff actually knew, but also those facts a reasonably diligent plaintiff would have known." *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 648 (2010). Plaintiffs allege a misrepresentation could be discovered through "a cursory review of the code" underpinning a platform Defendants released in July 2018. Compl. ¶¶ 108, 110. Thus, Plaintiffs did not bring the action within "2 years after the discovery of such facts constituting the violation."

Plaintiffs argue that they did not discover the facts until the sale of the securities were complete in November 2018, Opp'n 13, and that they could not have discovered the sale of the digital tokens were securities until after the SEC released guidance in April 2019, *id.* The SEC guidance argument fails for the same reason discussed above. Accepting the completed sale argument, even with the tolling agreement, the claim should have been filed by June 2021. Plaintiffs filed the case on August 13, 2021, after the limitations period expired.

Thus, the Court dismisses the claim as barred by the statute of limitations.

### D. Control Person Claims (Third and Fifth Causes of Action)

To allege a control person violation, a plaintiff must allege a primary violation of the federal securities laws. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). Plaintiffs failed to plead primary violations of the securities laws. Thus, the Court dismisses the control person claims.

### E. State Law Claims

If a court dismisses all federal law claims, it may dismiss any state law claims for which the court only has supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). The Ninth Circuit requires no explanation to dismiss claims under section 1367(c)(1)–(3). *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1988); *see also Garcia v. BRE SSP Prop. Owner, LLC*, No. SACV 21-00558-CJC (DFMx), 2021 WL 2139067, at *1 (C.D. Cal. May 24, 2021). Because the Court dismissed all the federal

///

claims, the Court declines to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3).

## IV. CONCLUSION

The Court grants the motion without leave to amend. Although amendment is normally freely given, amendment is futile when the claims are barred by the applicable statute of limitations or statute of repose. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008). On its own motion, the Court dismisses the claims against the nonmoving defendants on the same basis it has dismissed the claims against Defendant. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008). The Court directs the Clerk to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: February 15, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE