1  DANIEL J. TYUKODY (SBN 123323)
   tyukody@gtlaw.com
2  ALEX LINHARDT (SBN 303669)
   linhardt@gtlaw.com
3  GREENBERG TRAURIG, LLP
   1840 Century Park East, Suite 1900
4  Los Angeles, California 90067-2121
   Telephone: 310.586.7700
5  Facsimile: 310.586.7800

6  Attorneys for Defendant
   APOLO OHNO
7
                   **UNITED STATES DISTRICT COURT**
8
                   **CENTRAL DISTRICT OF CALIFORNIA**
9

10 | BRIAN KANG, an individual, on behalf         | CASE NO.: 2:21-cv-06593-MCS (JPR)
11 | of himself and SKYBLOCK, LLC and             |
   | MID-WILSHIRE CONSULTING, LLC;                |
12 | PRASAD HURRA, an individual;                 | HON. MARK C. SCARSI
13 | DAVID KIM, an individual, on behalf of       |
   | himself and BLUE BLOCK GROUP;                | DEFENDANT APOLO OHNO'S
14 | ARTEMIO VERDUZO, an individual;              | OPPOSITION TO PLAINTIFFS'
15 | DAVID KWON, an individual; and               | MOTION TO RECONSIDER ORDER
   | YOUNG JAE KWON, an individual,               | GRANTING DEFENDANT APOLO
16 |                                              | OHNO'S MOTION TO DISMISS
17 |        Plaintiffs,                           | PLAINTIFFS' COMPLAINT
18 | v.                                           |
   |                                              | Date:       April 11, 2022
19 | HYBRID TRADE LIMITED, an                     | Time:       9:00 a.m.
20 | unknown business entity; ASIA                | Courtroom:  7C
21 | DIGITAL ASSET EXCHANGE, an                   |
   | unknown business entity; ALLYSIAN            |
22 | SCIENCES, an unknown business entity;        |
23 | APOLO OHNO, an individua; ROD JAO,           |
24 | an individual; EUGENIO PUGLIESE, an          |
   | individual; HENRY LIU, an individual,        |
25 | and DOES 1 through 10, inclusive,            |
26 |        Defendants.                           |
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Apolo Ohno hereby files his Opposition to Plaintiffs' Motion to Reconsider Order Granting Defendant Apolo Ohno's Motion to Dismiss Plaintiffs' Complaint (the "Reconsideration Motion") (ECF No. 35).[1]

This substantively vacuous and procedurally improper Reconsideration Motion, which attempts to overturn the Court's Dismissal Order of February 15, 2022 (the "Order") (ECF No. 33), is as frivolous as the Complaint it attempts to rescue. The Reconsideration Motion accuses the Court of adopting "myriad and inconsistent views on when the violations at issue were discovered [leading] to manifest error in application of the law." Reconsideration Motion at 7.[2] In so doing, the Reconsideration Motion rests upon a fundamentally false premise, namely that "[i]n the Order, the Court *found* at least three (3) different dates on which the statute of limitations could have begun for purposes of Plaintiffs' causes of action under the federal securities laws[.]" *Id.* at 4.

The Court in its Order made no such finding. What the Reconsideration Motion characterizes as the Court's finding that particular dates "could have begun" the statute of limitations analysis, merely consists of the Order saying that even if one were to assume *arguendo* that Plaintiffs' alternative proffered dates applied to the Complaint's claims under Section 12(a)(1) and 12(a)(2) of the 1933 Securities Act (the "'33 Act"), they were still untimely filed. The three different dates asserted in the Reconsideration Motion are: (1) March 9, 2019, when the CipherBlade Report was issued; (2) April 3, 2019, when certain SEC guidance on cryptocurrencies was released; and (3) October 6, 2018, when Plaintiffs assert the sale of the alleged securities at issue were supposedly delivered, thus supposedly "completing the purchase." *Id.* at 4, 6-7.

---

[1] All "¶" citations are to the Complaint. Throughout this brief all emphasis to cited cases and statutes is added unless otherwise noted, and internal citations are omitted.

[2] In the Notice of Motion, Plaintiffs state that the Reconsideration Motion is based on the Court's "faulty and inconsistent logic and misapplication of applicable law" and "the Court's internally inconsistent analysis of the applicable statutes of limitations[.]"

In the Order's discussion of the Complaint's claim under Section 12(a)(1), which has a one-year statute of limitations, the Order acknowledged Plaintiffs' arguments as to the supposed applicability of the April 2019 and October 6, 2018 dates, and concluded that "[e]ven accepting Plaintiffs' arguments, Plaintiffs still should have brought this claim by April 2020 at the latest." Order at 4.  Given that the Complaint was not filed until August 13, 2021, it was obvious that the one-year statute of limitations had long since expired.  The same is true with the Section 12(a)(2) claim, where the Order focused upon the March 19, 2019 publication of the CipherBlade Report, which as discussed in the briefing on Mr. Ohno's Motion to Dismiss ("MTD") (ECF No. 23), provided overwhelming evidence that Plaintiffs were (or should have been) on notice of their claim as of that date, and thus the one-year statute of limitations had also expired long ago.  It is notable that the Reconsideration Motion does not ask for reconsideration of the Order's decision on the Complaint's '33 Act claims.

Instead, the Reconsideration Motion is focused solely upon the Order's conclusion that July 2018 was the triggering date for the Section 10(b) claim under the 1934 Securities Exchange Act (the "'34 Act").  The Order based this conclusion upon the Complaint's admission that "'a cursory review of the code' underpinning a platform Defendants released in July 2018 [] Compl. ¶¶ 108, 110" revealed the falsity of Defendants' statements.  Order at 6.  Because the Complaint was not filed until August 13, 2021, the Court properly concluded that the claim was barred by Section 10(b)'s two-year statute of limitations.  *Id.* (citing *Merck & Co. Inc. v. Reynolds*, 559 U.S. 633, 648 (2010)).  The Reconsideration Motion is based on Plaintiffs taking the dates discussed in the Order's analysis of the Complaint's '33 Act claims, some of which were of the "assuming *arguendo*" variety, deeming them "findings" of the Court, and then applying them to the Section 10(b) claim (which has a different statute of limitations, and which involved different alleged facts in the Complaint) to manufacture a "manifest error in application of the law."  Reconsideration Motion at 7.

This is absolutely ridiculous and yet another example of Plaintiffs' complete disregard for the unjustifiable costs they impose upon Mr. Ohno, and their willingness to waste the resources of the Court. The Court obviously knows what it meant by what it said in its Order. Telling the Court that it made findings that it never made, and basing a Reconsideration Motion upon that false assertion, is a waste of everyone's time and of Mr. Ohno's money. The selection of <u>July 2018</u> as the starting date for the '34 Act claim reflected the Court's understanding of the facts alleged in the Complaint, and the Court's conclusion was correct as a matter of law.[3]

The Reconsideration Motion is also procedurally improper. Plaintiffs move for reconsideration under Local Rule 7-18, which states that "No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."[4] The supposed inconsistency between using <u>July 2018</u> as the triggering date for the Section 10(b) claim, and <u>March 9, 2019</u> for the Section 12(a)(2) claim, was addressed in the briefing on Mr. Ohno's motion to dismiss, with Plaintiffs raising this issue in their Opposition brief (ECF No. 28), and Mr. Ohno addressing it in his Reply (ECF No. 30), explaining why there was no inconsistency at all.[5] The Court considered these arguments, made its decision, and if Plaintiffs continue to disagree, the proper course is an appeal to the Ninth Circuit.

Plaintiffs move for reconsideration under Federal Rules of Civil Procedure, Rule 59(e) and Rule 60(b)(6). The Ninth Circuit holds that motions for reconsideration under

---

[3] *See Merck*, 559 U.S. at 648 (Section 10(b)'s statute of limitations "encompasses not only those fact the plaintiff actually knew, but also those facts a reasonably diligent plaintiff would have known"); *Slaughter v. Lab. Med. Consultants, Ltd.*, 2011 U.S. Dist. LEXIS 42931, at *14 (D. Nev. Apr. 19, 2011) (Section 10(b) claim was time-barred "[b]ased on the allegations put forth by Plaintiff").
[4] Local Rule 7-18 also requires that motions for reconsideration may only be made on three grounds, including "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."
[5] *See* Plaintiffs' Opposition to the MTD at 14; Mr. Ohno's Reply at 7.

Rule 59(e) are an "extraordinary remedy" and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Thus, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled." *Cowan v. Hill*, 2021 U.S. Dist. LEXIS 195477, at *6 (C.D. Cal. June 17, 2021).[6]

As for Rule 60(b)(6), it is a rarely used catch-all provision that allows a court to set aside a judgment for "any other reason that justifies relief." The rule "has been used sparingly . . . to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Rule 60(b) is "an extraordinary remedy designed to address mistakes attributable to special circumstances, and not merely to erroneous applications of law." *Huhmann v. FedEx Corp.*, 2015 U.S. Dist. LEXIS 141366, at *5 (S.D. Cal. Oct. 16, 2015).

Plaintiffs' Reconsideration Motion fails to satisfy either the Rule 59(e) or Rule 60(b)(6) standard, facts that should have been obvious to Plaintiffs before the Reconsideration Motion was filed. The Reconsideration Motion is entirely frivolous and should be dismissed out of hand.

DATED:  March 15, 2022          GREENBERG TRAURIG, LLP

By */s/ Daniel J. Tyukody*
Daniel J. Tyukody
Alex Linhardt
Attorneys for Defendant Apolo Ohno

---

[6] *See also GoE3, LLC v. Eaton Corp.*, 798 F. App'x 998, 999 (9th Cir. 2020) ("Parties cannot use a Rule 59(e) motion to get a second bite at the apple."); *Stromberg v. Ocwen Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 139971, at *5 (N.D. Cal. Aug. 30, 2017) ("A motion for reconsideration is not a vehicle to re-assert arguments already considered and rejected in an earlier order").