FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
ANTHONY S. CHAVEZ (SBN 288089)
anthonyc@novianlaw.com
ALEXANDER BRENDON GURA (SBN 305096)
gura@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, CA 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KANG, an individual, on behalf of himself and SKYBLOCK, LLC and MID-WILSHIRE CONSULTING, LLC; PRASAD HURRA, an individual; DAVID KIM, an individual, on behalf of himself and BLUE ROCK GROUP; ARTEMIO VERDUZO, an individual; DAVID KWON, an individual; and YOUNG JAE KWON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HYBRID TRADE LIMITED, an unknown business entity; ASIA DIGITAL ASSET EXCHANGE, an unknown business entity; ALLYSIAN SCIENCES, an unknown business entity; APOLO OHNO, an individual; ROD JAO, an individual; EUGENIO PUGLIESE, an individual; HENRY LIU, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:21-cv-06593-MCS-JPR<br><br>Judge: Hon. Mark C. Scarsi<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING DEFENDANT APOLO OHNO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Hearing Date: Apr. 11, 2022<br>Time: 9:00 a.m.<br>Courtroom: 7C<br><br>Complaint Filed: Aug. 13, 2021 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Brian Kang, on behalf of himself, SkyBlock, LLC, and Mid-Wilshire Consulting, LLC ("Kang"), Prasad Hurra ("Hurra"), David Kim, on behalf of himself and Blue Rock Group ("Kim"), Artemio Verduzo ("Verduzo"), David Kwon ("Kwon"), and Young Jae Kwon ("Jae Kwon" and, collectively, "Plaintiffs") submit this reply in support of their request for reconsideration of the Court's February 15, 2022 Order Granting Defendant's Motion to Dismiss (the "Order" and the "Motion for Reconsideration").

## I. ARGUMENT

### A. Ohno Tacitly Admits the Order's Dismissal With Prejudice of Plaintiffs' Timely State Law Claims Was An Abuse of Discretion.

Defendant Apolo Ohno ("Ohno") claims in his opposition that "the Reconsideration Motion is focused solely upon the Order's conclusion that <u>July 2018</u> was the triggering date for the Section 10(b) claim under the 1934 Securities Exchange Act (the '34 Act')." (ECF No. 37, 2:14-16 (emphasis in original).) Not so. Plaintiffs' Motion for Reconsideration also argues, *inter alia*, that the Order's dismissal with prejudice of Plaintiffs' timely state law claims was an abuse of discretion. (ECF No. 35, 9:1-25.) Ohno's failure to address this additional—and crucial—argument, and apparent concession that this argument is meritorious,[1] is in sharp contrast with, and shows the absurdity of, Ohno's crass characterization of the Motion for Reconsideration as "substantively vacuous" and "frivolous." (ECF No. 37, 2:5-7.)

---

[1] Where, as here, the opposing party fails to respond an argument by the moving party, the Court may consider deem any such response waived. *See Franchise Tax Board of Cal. v. Hyatt*, -- U.S. --, 139 S.Ct. 1485, 1491 fn. 1 (2019) (deeming argument not raised in the opposition brief waived); *Novalk LLC v. Sedgwick*, 3:21-cv-973, 2021 WL 4125999, *4 (S.D. Cal. Sept. 9, 2021) (same); *see also* C.D. Cal. L.R. 7-12 (failure to file an opposition may be deemed consent to granting of a motion).

### B. The Order Inexplicably Accepts Differing Discovery Dates for Differing Causes of Action Under the Federal Securities Laws.

Plaintiffs discovered the facts constituting the alleged violations of state and federal law at the same time. Plaintiffs did not and could not discover certain securities laws violations in October 2018, others March 2019, and still others in April 2019.

Nevertheless, the Order accepts different discovery dates for each cause of action under the securities laws. Indeed, the Order accepts Plaintiffs' argument that they could not have discovered their claims until at least April 2019—when the SEC Framework[2] was released—for purposes of Sections 5 and 12(a)(1), (ECF No. 33, 4:20-24), but not for purposes of Sections 5 or 12(a)(2), (ECF No. 33, 5:19-20), and not for purposes of Section 10(b). ECF No. 33, 6:11. If the Order accepted Plaintiffs' argument that they could not have discovered their claims until at least April 2019 for purposes of Section 10(b), as it did for Plaintiffs' claim pursuant to Sections 5 and 12(a)(1), the Order would have concluded that Plaintiffs' claim pursuant to Section 10(b) was timely. The Order does not do so. Instead, the Order finds that Plaintiffs could have discovered their claims pursuant to Sections 5 and 12(a)(2) by no later than March 9, 2019, (ECF No. 33, 5:19-20), and that Plaintiffs could have discovered their claims pursuant to Section 10(b) by no later than November 2018. ECF No. 33, 5:11-13. The Order does not "merely . . . assume *arguendo*" that different discovery dates apply to different claims, as Ohno contends, (ECF No. 37, 1:14-19), but rather *finds* that different discovery dates apply to different claims and dismisses Plaintiffs' claims with prejudice as a result thereof.

### C. The Motion for Reconsideration is Procedurally Proper.

The Motion for Reconsideration concerns two issues: (1) the Order's internally inconsistent application of different discovery dates for different causes of action, and (2) the Order's dismissal with prejudice of Plaintiffs' timely state-law claims. These

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion for Reconsideration.

two issues highlight "manifest errors of law or fact upon which the judgment is based," (Fed. R. Civ. P. 59(e)), and justify relief. Fed. R. Civ. P. 60(b)(6). Accordingly, the Motion for Reconsideration is procedurally proper. Ohno's argument that Plaintiffs have previously briefed and argued these issues is untethered from reality; it is axiomatic that Plaintiffs' arguments concerning certain issues with the Order could not have been made *before* issuance of the Order upon which they are based.

## II. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court reconsider the Order with respect to its (i) determination that Plaintiffs' Section 10(b) claim is time-barred, and (ii) dismissal with prejudice of Plaintiffs' state law claims.

DATED: March 22, 2022                    NOVIAN & NOVIAN LLP

By: */s/ Alexander Brendon Gura*
   FARHAD NOVIAN
   ANTHONY S. CHAVEZ
   ALEXANDER BRENDON GURA

*Attorneys for Plaintiffs*